

IN RE HALL.

(No. V88-31951—Decided
April 5, 1990.)

Court of Claims,
Victims of Crimes Division.

*Donna L. Roach,* on behalf of her minor daughter, Melissa M. Hall.

*Anthony J. Celebrezze, Jr.,* attorney general, and *John T. Williams,* for the state.

SHOEMAKER, J. On January 28, 1988, the applicant, Donna L. Roach, filed a reparations application in this court on behalf of her minor daughter, Melissa M. Hall. The record demonstrates that Melissa had been sexually abused by her natural father, Mark Hall, on numerous occasions between 1982 and 1986. The sexual abuse occurred while the victim was visiting with the offender pursuant to the terms of the parents' divorce decree. As a result of the occurrences, Melissa received counselling from a psychologist.

On June 3, 1988, the single commissioner issued an opinion and order wherein he held that the applicant had not complied with the provisions of R.C. 2743.56(C)(1) or R.C. 2743.60(A). These statutory provisions provided, at the time of the decision, that when a victim is a minor, the reparations application must be filed within one year from the date a complaint, indictment, or information is filed against the alleged offender. The record shows that the offender was indicted on November 25, 1986. Because the application was not timely filed, the single commissioner denied the applicant's claim.

The applicant subsequently filed an objection and notice of appeal from the single commissioner's decision. A panel of commissioners considered the applicant's contentions and issued its decision on May 30, 1989. The panel agreed with the single commissioner's analysis of the facts and law and, therefore, affirmed the single commis-

1

sioner's denial of the claim. The panel considered the applicability of amended R.C. 2743.56(C)(1) to the instant claim and concluded that the amendment could not be utilized to circumvent the issue of timeliness in this matter.

On June 30, 1989, the applicant filed a notice of appeal from the decision of the panel of commissioners, asserting that the aforementioned amendment, effective on March 14, 1989, pertains to this action. The court has considered the parties' arguments and renders the following decision.

R.C. 2743.56(C)(1), as amended effective March 14, 1989, states:

"(C)  All applications for an award of reparations shall be filed as follows:

"(1)  If the victim of the criminally injurious conduct was a minor, within *two years* from the date a complaint, indictment, or information is filed against the alleged offender. This division does not require that a complaint, indictment, or information be filed against an alleged offender in order for an application for an award of reparations to be filed pertaining to a victim who was a minor, and does not affect the provisions of section 2743.64 of the Revised Code. *This division applies to all applications for an award of reparations filed on or after March 11, 1987,* and to any application for an award of reparations filed before March 11, 1987, for which an award or denial of the claim is not final within the meaning of division (B) of section 2743.61 of the Revised Code." (Emphasis added.) (See 142 Ohio Laws, Part I, 1191, 1203-1204.)

Therefore, the amendment enlarges the time for filing a claim from one year to two years. The statute specifically states that the two-year limitations period applies to all applications *filed* on or after March 11, 1987. As previously mentioned, the applicant filed her claim on January 28, 1988.

This is clearly within two years of the November 25, 1986 indictment.

In reviewing claims appealed to the court, the court is guided by R.C. 2743.61(A), which reads, in pertinent part, as follows:

"* * * If upon hearing and consideration of the record and evidence, the court decides that the decision of the commissioners appealed from is reasonable and lawful, it shall affirm the same, but if the court decides that the decision of the commissioners is unreasonable or unlawful, the court shall reverse and vacate the decision or modify it and enter judgment thereon."

Upon review of the above statutory language and the pertinent dates involved in this matter, the court finds that the panel's decision is unlawful and must be reversed. The court is of the opinion that R.C. 2743.56(C)(1) as amended is applicable to the instant case and that applicant's argument in this regard is well-taken.

The panel stated that "Am. Sub. S.B. No. 308 is not applicable to this matter since the effective date of the new legislation is March 1[4], 1989, for claims not previously filed." In addition, the panel relied on and quoted Section 3(C)(1) of the Act. (See 142 Ohio Laws, Part I, 1191, 1215.) The court agrees with the applicant's analysis that this section applies to prospective claims that have not yet been filed. In both regards, the panel appears to have focused on situations where a claim has not been submitted, which is not the circumstance in this matter. In addition, notwithstanding the specific language in Section 3(C)(1) stating that it applies to R.C. 2743.56 (C)(1), it does not appear to correctly construe the statute affecting minors because all references are to when the criminally injurious conduct occurred, as opposed to the date a complaint, indictment or information was filed

against the alleged offender. Therefore, the court concludes that the applicant's claim is clearly within the parameters set forth in the amended statute.

In view of the above, the court finds that amended R.C. 2743.56(C)(1) applies to the case at bar. Thus, the application was timely filed within the new limitations period and it must be considered for a determination concerning economic loss. Therefore, the panel's decision is reversed.

*Judgment accordingly.*

FRED J. SHOEMAKER, J., retired, of the Court of Common Pleas of Franklin County, sitting by assignment.